# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**TRACI MCDANIEL**                                                                                        **PLAINTIFF**

**v.**                                                                                        **No. 4:24-cv-117-BJB**

**OWENSBORO HEALTH REGIONAL HOSPITAL**                                                 **DEFENDANT**

***** * * * *

## ORDER

Traci McDaniel filed a complaint against Owensboro Health Regional Hospital on November 4, 2024. DN 1. Three unusual developments have caused this relatively young case to stumble along an atypical path.

First, the Court lacks personal jurisdiction over Owensboro Health because the summons has not been served. The original summons form was incomplete, so the Deputy Clerk sent McDaniel a notice requesting that she complete and return it. DN 3. McDaniel submitted a corrected summons form (DN 4) on November 8, but the Court did not issue the summons (DN 6) until February 10, 2025. The record does not reflect the reason for that delay. Regardless, the Plaintiff remains responsible for serving the summons and complaint—even if delayed—and McDaniel has not done so. Because the Defendant has not been served, the Court lacks personal jurisdiction. *See* FED. R. CIV. P. 4(k)(1)(A); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

Second, McDaniel filed a motion asking that the case "be held in advance … due to medical complications." DN 5 (capitalization altered). Whether she means to accelerate or pause her case isn't clear from the filing or the context. The motion does not clearly explain why she seeks this relief, either. And because Owensboro Health has not been served, it naturally hasn't responded.

Third, McDaniel filed a notice of appeal to the Sixth Circuit on March 12, 2025. DN 7. But the Sixth Circuit plainly lacks jurisdiction given the lack of any order—to say nothing of a final order. *See Cochran v. Birkel*, 651 F.2d 1219, 1222–23 (6th Cir. 1981) ("[A] notice of appeal from a plainly nonappealable order may properly be ignored by the district court …."). Courts of appeals have jurisdiction over appeals from final decisions, 28 U.S.C. § 1291, certain interlocutory orders, § 1292, and a narrow class of collateral orders, *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949). Here, there is nothing at all to appeal.

The Court therefore orders McDaniel, within 30 days, to address the apparent deficiencies in service and, if circumstances still warrant, to file a new or amended motion clarifying the interim relief she seeks.

Benjamin Beaton, District Judge
United States District Court

April 7, 2025